[Civ. No. 3978. Third Appellate District.—February 1, 1930.]

MINNETTE S. KIMBRO, Respondent, v. ROBERT I.. KIMBRO, Appellant.

Willedd Andrews for Appellant.

Geo. B. Ross for Respondent.

FINCH, P. J.—This is an action for divorce. The plaintiff alleged extreme cruelty on the part of her husband. He denied the allegations of the complaint and filed a cross-complaint charging extreme cruelty on the part of the plaintiff. Judgment was entered denying either party a divorce and requiring the defendant to pay the plaintiff twenty dollars a month for her support. The defendant has appealed from the judgment.

■ The appellant contends that he should have been granted a divorce on the ground of extreme cruelty, specified in his cross-complaint as follows:

"That on or about the 15th day of May, 1919, . . . without reason and without justification, the cross-defendant accused this cross-plaintiff of having sexual intercourse with lewd and fast women."

The answer to the cross-complaint "admits that sometime during the year 1919, cross-defendant accused cross-complainant of having illicit relationship with other women but denies that said accusations so made were without reason and without justification."

At the trial the plaintiff testified that she accused the defendant of having illicit relations with other women "because I think he was. . . . I saw them at the beach and I knew what their character was. . . . He was with two women that I had been told were not of good character, and I had every reason to think they were not. . . . There was one woman there at the beach. . . . They would get away from the crowd and always were so interested talking to each other, and . . . she made little remarks that made me think everything was not all right. . . . He was always hanging around her. . . . I asked him about being so familiar with her, and he said, 'I don't know anything about her. I never had anything to do or say to her,' and he was there all the time."

It appears that the plaintiff's accusation was made during one of the quarrels between them. The defendant was of the age of seventy-six years at the time of his alleged misconduct and the plaintiff was then fifty-four. It is not deemed necessary to follow the parties through their charges and countercharges, as shown by the evidence, but it is sufficient to say that it does not appear as a matter of law, contrary to the findings of the trial court, that the defendant is entitled to a divorce on the ground alleged in the cross-complaint.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.